**FILED - GR**

**UNITED STATES DISTRICT COURT WESTERN
DISTRICT OF MICHIGAN**

May 8, 2020 11:57 AM

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: JMW Scanned: 5/8 / UP

**DOCKET I.**

**JERRY CLAY,**

  **PLAINTIFF**

VS.

  **George Haga et al**

  **Defendant's**

_____/

**JUDGE:**    **1:20-cv-399**
Janet T. Neff- U.S. District Judge

**complaint**

**FOR DAMAGES AND**

**EQUITABLE RELIEF**

**"JURY TRIAL REQUESTED"**

**Ada Township (Kent County)**

George Haga
James Ferro,
Brent M. Bajdek,
Catherine H. Jacobs
**AdaCroft Home Owners Association**.
Katie Kenyon,
Karen Ziedins,
Julie Thomas,
Amy L. Maybin,
Karen Olson,
Lee May,
Susan Elwell,
Eric M. Peard
(john do Unknown)
(Jane Doe Unknown)
(John doe Unknown)
**Kent County Sheriff Department**.
Fox Alexandra Deputy Sheriff
Tyler Poirier Deputy Sheriff
 Marcelo G. Aranda Deputy sheriff
Emily Eaton Deputy Sheriff
Eric Toonstra Deputy Sheriff

_____/

**ADA Township· (KENT COUNTY)**

 George Haga (Ada Township (Superintendent)
James Ferro (Ada Township Planning Director)
Brent M. Bajdek (Ada township Planning/Zoning)
Catherine H. Jacobs (Ada Trustee)
 Ada Township Offices
 7330 Thornapple River Dr SE
 Ada, Michigan 49301-9087
  (616) 676-9191

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

## THE DEFENDANTS' OF ADACROFT COMMONS AND AGENTS

Eric M. Peard
650 Rookway Ave., S.E.
Ada, Michigan 49301
(616)682-9133

AdaCroft Commons Association
P.O. Box 184
Ada, Michigan 49301

Karen Olson (Agent)& Board Member
751 Marbury Dr SE
Ada, Michigan 49301

Amy L. Mabin (Agent) & Board Member
522 Edgeworthe Dr Se
Ada, Michigan 49301

Julie Thomas (Agent) & Board Member
502 Edgeworthe Dr Se
Ada, Michigan 49301
(616)653-6142

Susan Elwell (Agent) & Member
542 Edgeworthe Dr Se
Ada, Michigan 49301

Kara Ziedins (Agent) & Board Member
6171 Scotthill Dr Se
Ada, Michigan 49301

Marvin Lee May (Agent & Board
6067 AdaCroft Dr 5e
Ada, Michigan 49301

Katherine Kenyon (Agent) &Board Member
6086 AdAway CT Se
Ada, Michigan 49301
(616)648-6917

## KENT COUNTY SHERIFF DEPARTMENT

1. Fox Alexandra Deputy Sheriff
2. Tyler Poirier Deputy Sheriff
3. Marcelo G. Aranda Deputy sheriff
4. Emily Eaton Deputy Sheriff
5. Eric Toonstra Deputy Sheriff

**Now Comes, the Plaintiff in the above styled cause in pro se and for his complaint says:**

# THIS IS "NOT" A POST-CONVICTION MOTION OR RELEIF FROM JUDGMENET.

## This is a civil rights Violation lawsuit pursuant to the below Statute's:

### Jurisdiction

This Court Has Jurisdiction over the Plaintiffs' Claims of Violation of Federal constitutional Rights under 28 U.S.C. sec. 1331 and 1343. Furthermore, the Jurisdiction action bought under 42 U.S.C. Subsects. 1981, 1982, 1983,1985,1986,1988, Fair Housing Act 42 U.S.C. 3601.Pursuant to 24 CFR sec. 100.7 "Liability for housing Discriminatory Practices." See Also "Quid Pro quo and hostile Environment of Harassment". 24 CFR sec. 100.600.

1. The Court Has Supplemental Jurisdiction over Plaintiffs State Law Tort Claims under 28 U.S.C.

   Sec. 1367.

### II.VENUE

2. Venue is proper in this district under 28 U.S.C. Sec.1391 (b).

### III. Parties

### A. PLAINTIFF.

3. The Plaintiff Jerry Clay, is a United States citizen and he is a resident of 'Ad a croft Home Owners Association' located in Ada, Michigan.

### B.    DEFENDANTS of ADA TOWNSHIP

4. **The Defendant's and each of them are United States citizens and are residents of Michigan.**

5. Plaintiff Sue Defendant's herein, jointly and severally and in their individual, and official, capacities seeking monetary damages against them in their individual capacities and declaratory and injunctive relief against them in their official capacities.

6.     Plaintiff Demands trial by jury in this matter and separate trials on his requests for monetary relief And His for equitable relief.

7.     Defendant George Haga (hereafter "Haga"), is the Superintendent of Ada Township and he has certain powers and Duties safety, security and to ensure up hold his Oath.

8.    Defendant James Ferro (hereafter "Ferro"), is the Planning Director of Ada Township and works At the behest of *Haga, Ferro is sued in his individual and Official Capacities.*

9.    Defendant Brent M. Bajdek (hereafter "Bajdek"], is the Planning/zoning Administrator of Ada Township and works At the behest of Defendant Haga. Bajdek is sued in his individual and Official Capacities.

10.   Defendant Catherine Jacobs (hereinafter "Jacob"), is trustee for Ada township and have certain powers and duties, Security to up hold her Oath. Jacob is being in her individual and official capacities.

## (C). Defendants of Adacroft and Ada Township Agent's

11.   Defendant Adacroft Home owners' Association is sued in its' Official Capacities, under color of Law.

12.   Defendant Katie Kenyon (hereinafter "Kenyon") is the <u>president</u> in AdaCroft commons and agent of <u>Ada Township</u>. She is sued in her individual and official capacities

13.   Defendant Karen Ziedins (hereinafter "Ziedins"), is the Treasurer in Adacroft commons and agent Of Ada township. She is sued in her individual and official capacities.

14.   Defendant Karen Olson (hereinafter "Olson"), is a Director of AdaCroft Commons and agent of Ada Township. She is sued in her individual and Official Capacities.

15.   Defendant Julie Thomas (hereinafter "Thomas"), is a resident of AdaCroft and agent of Ada Township. She is sued in her individual and Official Capacities.

16.   Defendant Amy L. Mabin (hereinafter "Mabin"), is a resident of AdaCroft and agent of Ada Township. She is sued in her individual and Official Capacities.

17.   Defendant (Unknown), at this time is a resident of AdaCroft and agent of Ada Township. She is sued in her individual and Official Capacities.

.18. Defendants (Jane Doe), at this time is a resident of AdaCroft and agent of Ada Township She is sued in her individual and Official Capacities.

19. Defendant Eric M. Peard (hereinafter "Peard"), Is a resident and Board Member of Adacroft commons. He is being Sued in his individual and official capacities.

### (D). Defendants of the Kent County Sheriff Department. (KCCF)

20.   Defendant Fox Alexandra (Hereinafter "Alexandra"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

21. Defendant Tyler Poirier (hereinafter "Poirier"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

22.. Defendants (Jane Doe), at this time is a resident of AdaCroft and agent of Ada Township She is sued in her individual and Official Capacities.

### (E). Defendants of the Kent County Sheriff Department. (KCCF)

23. Defendant Fox Alexandra (Hereinafter "Alexandra"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

22. Defendant Tyler Poirier (hereinafter "Poirier"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

23. Defendant Marcelo G. Aranda (hereinafter "Aranda"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

24. Defendant Emily Eaton (hereinafter "Eaton"), is a Deputy of Kent County Sheriff Department and she is sued in his individual and Official Capacities.

25. Defendant Eric Toonstra (hereinafter "Toonstra"), is a Deputy of Kent County Sheriff Department and he is sued in his individual and Official Capacities.

## FACTUAL ALLEGATIONS

26.. On or approximate date of June 24, 2015, plaintiff Jerry Clay 53 years of age,' African 360, moved

To AdaCroft commons homeowner's association, to be near a job located in Lowell, Michigan.

27.. Within approximately two weeks after the plaintiff moved into the Home, he received a letter on

His door. A complaint from a neighbor within the (Adacroft), 515 Edgeworthe Dr Se

Ada, Michigan 49301.

28.. On or approximate date February 3,.2018, plaintiff received complaints from the Defendant Brent Bajdek (hereinafter "Bajdek"), The Defendant complaint of plaintiff having Equipment being Stored at his home.

29.. On or approximate date of February 6, 2018. Defendant Kenyon contact the defendant Ferro and Request that he attends the Association meeting to discuss with other neighbors of how to go against the plaintiff.

30. On or about date of February 22, 2018. Defendant Kenyon contact Defendant ferro and Thank Him for tenant of Association meeting. "I would like to talk it over someone to find out if we can get some assistance on this one.

31. On or about date of February 26 ,2018, Defendant Ferro communicated to defendant Dajdek "Sounds like the Landscape

Guy". In reference to the complaint of defendant Kenyon.

32.    On or about date of March 23, 2018, defendant Dajdek corresponded with defendant kenyon of violation of running the business from his home.

33. On or about date of March 15, 2018, the defendant Kenyon request for legal representation and ad

vice from the defendant Catherine Jacobs (hereinafter 'Jacob").

34. On or about date of March 19, 2018, defendant Jacob contact defendant Dajdek and requests for help

in responding to defendant's Kenyon's complaint against the plaintiff.

35. On or about date of March 23, 2018, defended Dajdek contacted defended Kenyon regarding" the plaintiff operating a business from home. Notice two violation been sent to owner of the property".

36. On or about April 30, 2018, at the Ada township hall meeting. Defendant's Kenyon, James, Haga, Jacobs, And Ziedins all have agreed to work together go against the Plaintiff.

37. On or about date of May 1,2018, the plaintiff Kenyon sent the defendant Ferro pictures in other items pertaining to the plaintiff. Defendant Kenyon also explained to the defendant Ferro that he was three others neighbors she knows of that did not attend the meeting because of fear of retaliation from the plaintiff.

38. On or about date of May 2, 2018, defendant Ferro learn upon receiving this email from defendant Kenyon. Of this new threat defendant responses, "we will be following up with more urgency to get this activity out of the neighborhood."

39. Defendant Ferro on May 2,2018 provide copies of his intentions to the following defendant's Karen Ziedins (hereinafter "Ziedins") and George Haga (hereinafter "Haga") them on notice of his actions and/or inactions regarding the plaintiff.

40.    On or about May 11, 2018, plaintiff met with defendant Dajdek to discuss the violation letters that were sent to the plaintiff home address of violation of Township ordinance from running the business from home. The meeting end with the understanding Plaintiff will be given in two weeks of the status of the move.

41. In or about date of May 8,2018, the defendant's Julie Thomas (hereinafter Thomas"), Amy L. Mabin (hereinafter "Mabin") and defendant kenyon decided to become agents of Ada Township and the Kent County

Sheriff Department.

42. on the date of May 10, 2018, defendant's Thomas, Mabin, Haga, Ferro, Jacobs, and Defendant Kent County Sheriff Department and in an old Will all its officers conspired to Jail Plaintiff or run him out of town.

43. On or about date of May 26,2018, defended Kenyon provided photos of the plaintiff and his brother license plates of the two vehicles parked at home to defendant ferro.

44. And on about date of May 27,2018, defended Kenyon provided photographs to defendant Ferro and the photos where

provided from (unknown defendant).

45. On or about date of June 16,2019, Defendants Haga, Ferro and Mabin conspired against the plaintiff to violate the rights in The district courts. (the District Court Dismiss the (5) Five counts against the plaintiff),

46. On or about date of June 8, 2018, defendant Thomas correspondence to defendant Ferro that she would like to be able to help the Township in him to do an investigation on the plaintiff willing to provide photos and videos and willing to become agent for Defendant Ada Township.

47. On or about date of June 18, 2018. Defended Farreo provided copies of photos to Defendant Bajdek that was given to him by the defendant kenyon.

48. On or about date of June 20, 2018. Defended Farrell correspondence to defendant Kenyon that is in the process of issuing a citation against the plaintiff. Within this correspondence defendant Ferro states "our Legal Counsel has advised that we should have personal witnesses from the neighborhood willing to testify in District Court against the plaintiff"

49. In paragraph 35 above defended Farrell wording "our legal counsel". In such wording he knows that the defendant's kenyon, Thomas, Adacroft, Ziedins, Olson, may (unknown Defendants), have the same attorney. The Law Firm Miller & Johnson represent the above defendants.

50. On or about date of May 30,2018. The defendant Kenyon set the correspondence to defendant Ferro stating that the plaintiff has a trailer and other equipment stored on the corner of all to Alta Dale and Ada drive.

51. On or about date of July 6, 2018. Defendant's Ferro and Haga arrived at the plaintiff's house to inspect the property and then proceed to Alta Dale and Ada drive and notice the plaintiff equipment in the Township of Ada.

52. On or about date of July 10, 2018 defendant Kenyon filed a complaint to defendant Ferro that the plaintiff still has equipment Park on Alto Dale and Ada drive in Ada Township, Michigan.

53. The defendants' actions and interactions show it was not about the plaintiff having equipment stored inside of the Association. Defendant Kenyon complainant on the plaintiff's storing of equipment outside of the home owners Association.

54. On or about date of July 16, 2018. Defendant's Mabin, Elwell and (Unknown Defendants), gathered around to conspire against the plaintiff. The plan next course of action against the plaintiff.

55. On or about date of July 20,2018. Defendant Elwell filed a false report against the plaintiff. The plaintiff was walking within the Association and to Two officer stopped The Plaintiff. It was alleged that I was taking pictures of children in that one of the children have a PPO against me.

56. On and on about date of July 20, 2018. The investigation was completed by two officers and allegations against the plaintiff was false. Defendant Elwell filed a false report on the plaintiff.

57. The defendant's attorney Miller & Johnson file actions against the plaintiff and the plaintiff's landlord regarding past dues for penalties for violating the Association bylaws and rules.

58. The plaintiff landlord prevail against penalties. The law firm Millan Johnson settle out of court for violating the consumer's protection act for none disclosure amount.

59. It became very clear to the plaintiff on or about date of November 14, 2019, Judges Sara J. Smolenski state to

the plaintiff "if you were to move, I will take you off probation", Your neighbors don't want you living there.

60.  Plaintiff States no I will not move just because my neighbors want me to move out because I am a black man. Judge Smolenski states "get him out of my court room before some body beat him up". Plaintiff response "who Going to beat me up?" Judge Smolenski then said; Ok. Just get out before someone shoot him".

61.. The Plaintiff Know his life is in jeopardy. The Defendant's Kent county sheriff department, Mabin, may, kenyon, Thomas, Ziedins, Olson. Knew, know or should have known that the actions /inactions where depriving the Plaintiff of his constitutional rights.

62.. On or about date of September 14, 2018. The plaintiff received a letter from defendant Ferro stating that he has been informed by one of his agents that the Plaintiff place a trailer inside of his garage and this is a violation of the ordinance of the Township.

63. On or about date of September 18, 2018. The plaintiff to defendant Ferro about his complaint. The defendant Ferro states he is standing by his decision of what it says in the complaint. The plaintiff then informed defendant Ferro that his other individuals in Ada Township violating the ordinance. The defendant Ferro then informed defendant that he will look into this matter.

64.. On or about date of September 18, 2018. The plaintiff talks to the defendant Haga about the decision of the defendant Ferro. Defendant Haga states he is going with the decision and standing by the decision of the defendant Ferro.

65. On or about September 20, 2018. Plaintiff follow a complaint with defendant AdaCroft. The other individuals as residents in Adacroft violating the home owners Association rules and no actions was taken on defendant's regarding the complaint of the plaintiff.

66.. On or about date of September 25, 2018. The plaintiff filed a complaint naming three individuals or in violation of the Township ordinance. As of May 29, 2020, no actions were taking by the defendant's regarding plaintiff complaint.

67.. The defendant's Olson and may are members of board of the defendant Adacroft. They both agreed with the actions and or inactions of the defendants Elwell, Mabin and Thomas to deprive plaintiff of this constitutional rights.

68.  The Defendants Haga, Ferro, Bajdek, Jacobs known of people in Ada township who a business from home and have equipment at their house and no actions have ever been taken against these individuals. Because of the individuals all white and the plaintiff is African.

69.  On or about the date of May 2, 2018. Defendant Kenyon in a correspondence letter to defendant Ferro, she states "I know of three people in the neighborhood who were afraid of showing up to the meeting if Mr. Clay was to find out that these three people showed up at the meeting, they are afraid of having retaliation done to them by Mr. Clay".

70. On or about date of May 3,2018. The defendant Ferro at this time decide to contact defendant Eric Toonstra (hereinafter "Toonstra"), and request that he do something about the Plaintiff clay.

71. On or about date of May 5, 2018. Defendant's Tyler Poirier (hereinafter "Poirier") and Marcelo G. Aranda (hereinafter "Aranda") trespass on the plane to property and disobeyed the shift commander's orders not to have contact with the plaintiff.

71. On or about date of May 5, 2018. The Defendants Poirier and Aranda was hiding in the Plaintiff House bushes and threaten to shoot the plaintiff's four-month-old puppy("DOG"), if the plaintiff was to let the puppy out to use the bathroom.

72.On or about date of July 3,2018. The defendant's Fox Alexandra (hereinafter "Alexandra") and Amy L. Mabin (Hereinafter "Mabin") decided together to plot and plan of how to entrap the plaintiff on criminal charges.

73. On out about date of February 8, 2020. The defendants Poirier and Mabin decided to work together on arrests of the plaintiff as soon as possible.

74. On or about date of February 12, 2020 at approximately 5:30 a.m. the defendant's Poirier and Mabin talk on how to arrest the defendant this morning and stay in contact with each other on this arrest process.

75. On or about date of February 12, 2020 and approximately 5:55 AM. The defendant's Poirier, Mabin and the Defendant Emily Eaton (hereinafter "EATON") all work together in the harassment plaintiff this morning.

76. On or about date of February 12, 2020 and approximately 6 AM the plaintiff was in fear of his life and safety while three police officers' cruisers will follow him to ADA market.

77. On or about date of February 12, 2020 and approximately 6:05 A.M. the plaintiff was placed in fear for his safety. Defendants Actions and/or inactions uncomfortable position of life, liberty and pursuit of happiness.

78. On or about date of February 12, 2020 and approximately 6:10 A.M. Defendant Poirier retaliated against the plaintiff because the plaintiff Drive away from his partner in May 2018.

79. On or about date of February 16, 2020, Defendants Poirier and Eaton conspired together to entrap the plaintiff. Defendant's actions were to shoot the plaintiff or Cause Great body harm to the plaintiff.

80. The Actions and/or inactions of defendants of the Kent county Sheriff Department agents, employees and/or officials out to damage the Plaintiff.

81. on or about date of February 16, 2020, Defendants Poitier and Eaton Pointing weapons at the plaintiff shows they have disregards to the plaintiff Safety and welfare.

## CAUSE OF ACTIONS

82.   **Plaintiff incorporate by reference the facts alleged in paragraphs 20-79.**

83. the actions and/or inactions of defendant's Haga, Ferro, Bajdek, Jacob totally disregard of the plaintiff constitutional rights as they sworn to uphold their constitutional duties;

84. The defendant's Haga, Ferro, Bajdek, Jacob abused the authority conspired to deny the plaintiff's constitutional rights equal protection under the law of the United States Constitution;

85. Each of the defendant's new, know or should have known the constitutional violations that is owed to the plaintiff and protect the plaintiff constitutional rights;

86. Each defendant knew or should have known to conspire against the plaintiff to violate his constitutional rights to enjoyment of fair housing; 14th amend United States Constitution;

87. each of defendant knew what their actions or interactions they were taken against the plaintiff will be cruel and unusual punishment eighth amendment United States Constitution;

88. Each defendant action and/or interactions violates 4th,5th,8th and 14th amendments of the United States Constitution;

89.the the Defendants Kenyon, Ferro, Bajdek, Jacobs pursuant to CFR Sec.7(a)(1)(iii). actions and/or omissions violated the fair housing act. The law States that an **Home Owners Association (HOA), Board Member** will be held directly liable for "[f]ailing to take prompt action to correct and end a **discriminatory housing practice** by A third-party, where they knew or should have known of the discriminatory conduct and the power to correct it". (emphasis added).

90.The Defendants Thomas, Mabin, Ziedins, may, Elwell, Peard, kenyon and (unknown defendants), actions and/or omissions violated the fair housing Act. CFR Sec.7(a)(1)(iii). actions and/or omissions violated the fair housing act. The law States that an **Home Owners Association (HOA), Board Member** will be held directly liable for "[f]ailing takes prompt action to correct and end a **discriminatory housing practice** by "[f]ailing to A third-party. where they knew or should have known of the discriminatory conduct and the power to correct it". (emphasis added).

91. The Defendants kenyon, Thomas, Mabin, Ziedins, may, Elwell, Peard, and (unknown defendants), actions and/or omissions violated the 24 CRF Sec.100.65(7); Liability for discriminatory housing Practices ,24 CRF sec. 100.7(ii). violation of the 14th amendment of the United States Constitution and Michigan 1963 Constitution article 1 section 2 .

92. Defendant's Peard and Ziedins knew or should have known they are violation the plaintiff constitutional rights to be free from harassment and retaliation for exercising his constitutional rights.

93. Defendant's Thomas, kenyon, Ziedins, Elwell, Peard, and know of other residents of AdaCroft commons homeowner's association, have commercial trucks, cars, parked at the resident at home. The defendant's

Decided to select enforcement against the plaintiff and no other individuals' residents who are in violation of the bylaws and rules of the Association.  violation of the 5th and 14th amendment of the United States Constitution.

94. The defendant's Poirier and Eaton conspired together to falsify police reports on the plaintiff wanted to achieve the goal of having the plaintiff move or to be jailed.

95. Defendants Haga and Jacobs decide to go out a way using the authority to help to enforce plaintiff out of the neighborhood and or be jailed. Defendant Jacob user legal profession and a duty as a trustee of the defendant Ada Township to help defendant Kenyon. Which is abuse of authority as a trustee and conflict of interest as an attorney.

96. Defendant may have the responsibility to enforce equal protection for housing for the plaintiff and failed to do so. Defendant may know or should have known in not protecting the plaintiff rights it would deny him equal protection under the law and that the defendant may will be held liable for not protecting the plaintiff rights.

97. Defendant's Ada Township, Adacroft commons homeowner's association and Kent County Sheriff Department all

liable because of their custom practice and policies that are in place allow the defendant's name to violate the plaintiff constitutional rights and failure to protect the rights of the plaintiff.

98. All Defendant's in the above knew, know or should have known to have a constitutional duty owed to the plaintiff and to uphold his constitutional rights and protection of those rights.

99. All the Defendant's conspired to deprive the plaintiff of his constitutional rights and equal protection under the law. Plaintiff as the right to be free from cruel and unusual punishment and denial of equal protection under the law.

100. The defendants of Adacroft and Ada township know of a few people within the Association and outside Association have Businesses' being run directly and indirectly from home. Defendants have selected enforcement against the plaintiff and denied the plaintiff equal protection under the law.

101. Defendant's Kent County Sheriff Department, Toonstra, Eaton, Aranda, Alexandra and Poirier are active with malice towards the plaintiff and deprive plaintiff constitutional rights. The defendants failed to uphold a constitutional old in duty that is owed to the plaintiff to protect his constitutional rights. All defendants conspired to violate the plaintiff constitutional rights under the law and disregard to his rights shows negligence.

# RELIEF REQUESTED

**WHEREFORE,** Plaintiff Request that the court the following Relief:

(A). Grant of 42 U.S.C sec. 1988 Award of Attorney Fees who will conduct discovery and pre-trial
Matters and prepare for trial. Pursuant to 28 U.S.C. sec.1915(d);

(B). Trial by jury on all matters triable by jury pursuit to FRCIV P 38 and Amendment 7 of the United
States Constitution;

(C). A declaratory judgment pursuant to FRCIV P. 57 and 28 USC subsection 2201 and 2202 against
amendments in their official capacities, declaring the rights and other legal relations of the parties herein
and declaring that each of the defendant's conduct, actions, inactions, omissions, custom, practice and
policies. Describe and complained of herein infringed plaintiff's federal and state rights and privileges and
violated 42 USC sec.1981,1982,1983,1985,1986 and 1601.

(D). A Permanent injunction pursuant to FRCIV.P 56(d) against Defendant's in their official capacities, which
Prohibits and enjoins defendants and each of them, their successors, agents, servants, employees,
attorneys and all persons in active concert or participation with them from ever again infringing plaintiff's
rights and privileges as complainant of and from maintaining or following the alleged custom practice or policy;

(E). A declaratory judgment which declares defendant's actions herein as being unlawful and in violation of the US
Const Ams 5th and 14th  and Michigan State Constitution 1963 article 1 sec.2 and 23.

(F). An injunction which restrains and permanently enjoins defendants their successors in office, agents', servants
employees, attorneys, and their person acting in concert with them from inflicting such unlawful treatment
upon plaintiff ever again;

(G). Joint and several judgments against defendants and each of them in their individual and official capacities:

(i). Compensatory damage was such that is just and reasonable in that compensate the plaintiff
for his loss, harm, damages and injury and that the sum may be greater or less than
$ 5,000,000 ($5 million);

(ii). Norman damages in a reasonable amount to vindicate plaintiff rights and privileges;

(iii). Punitive and/or exemplary damages in an amount exceeding $300,000 to deter defendants
From further unlawful conducts;

(iv). Attorney fees, costs and disbursement in the event counsel is obtained to represent plaintiff in this matter;

(V). Out-of-pocket expenses and costs that plaintiff incurred as a result of having to bring and litigate this action, including costs and fess taxed against the court;

(vi). A further judgment against the defendant's awarding plaintiff interests of each of the above judgments;

(vii). Any further and continuing relief pursuant to 28 USC subsections 2201 and 2202, This court deems meet just and equitable in the premises.

### Verified Complaint pursuant to 28 USC sec. 1746 and 28 USC sec. 1621

I, JERRY CLAY, declares under the penalty of perjury that the allegations contained in this complaint are true and correct. This is a verified complaint submitted by the defendants to obtain the summary judg-

Ment. See Williams V. Broman ,981 F.2d 903 (6th Cir. 1992)

Respectfully Submitted,

JERRY CLAY
IN PROPRIA PERSONA
515 Edgeworthe Dr Se
Ada, Michigan 49301
(616) 840-4909
AdaSannMann@gmail.com

Dated 5/6/2020.



Jerry Clay
515 Edgeworth Dr SE
Ada MI 49301

LEGAL
MAiL

PRIORITY MAIL 1-DAY ®

0 Lb 10.00 O

1005

EXPECTED DELIVERY DAY: 05/08/20

SHIP
TO:

C020

110 MICHIGAN ST NW
GRAND RAPIDS MI 49503-2300

USPS TRACKING® NUMBER

9505 5116 1036 0128 4029 53

c/o Clerk of Court
U.S. District Court
399 Federal Building
110 Michigan Street N.W.
Grand Rapids MI 49503