UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CLAY,

                Plaintiff,                                  Hon. Janet T. Neff

v.                                                   Case No. 1:20-cv-399

GEORGE HAGA., et al.,

                Defendants.

_____/

**ORDER**

Plaintiff, proceeding pro se, filed a complaint against a number of Defendants, including officials of Ada Township, officials and board members of the Adacroft Home Owners' Association, several Kent County Sheriff's Office deputies, and several Adacroft residents. Plaintiff's claims pertain to a dispute with his neighbors and the Home Owners' Association over Plaintiff's operation of a business from, or storage of business equipment at, his home in the Adacroft neighborhood. It appears that the Township initiated legal action due to Plaintiff's activity.

Defendant Mabin, the Township Defendants, the Adacroft Defendants, and the County Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF Nos. 4, 10, 15 and 21.) Plaintiff did not respond to the motions. Instead, Plaintiff filed a motion to amend and a proposed amended complaint. (ECF No. 58-1.) Defendants responded, arguing that the amendment is futile and, therefore, should be denied.

Instead of issuing a recommendation that Defendants' motions to dismiss be granted as unopposed, or that the motion to amend be denied as inadequately supported, the Court directs

Plaintiff to respond within **14 days** why the Court should not deny the motion for leave to amend as futile for the reasons stated in Defendants' motions to dismiss and their responses to Plaintiff's motion to amend. Defendants shall have **14 days** to reply to Plaintiff's response.

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnson*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001), nor are courts required to construct full-blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Although Plaintiff cites several constitutional and statutory provisions in his proposed amended complaint, the Court discerns the following claims from the facts and "causes of action" sections of Plaintiff's proposed amended complaint: (1) conspiracy to deprive Plaintiff of his civil rights under Section 1985(3) as to all Defendants; (2) a claim against Defendants Peard, Olson, and May under 42 U.S.C. § 1986 for participating in a Township meeting and receiving emails; (3) an equal protection/selective enforcement claim under the Fourteenth Amendment against all Defendants; (4) a claim under the Fair Housing Act, 42 U.S.C. § 3617, against Defendant Mabin (calling the Kent County Sheriff's Department approximately 20 times on Plaintiff for non-criminal activity); and (5) a claim of ethnic intimidation in violation of Michigan Complied Laws

§ 750.147b against the Kent County Defendants. Plaintiff may not assert a claim under 18 U.S.C. § 241 because that statute is a criminal statute that does not provide a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the district court properly dismissed the plaintiff's claim under 18 U.S.C. § 241 because the plaintiff had no private right of action under that criminal statute).

The Court's identification of Plaintiff's claims is not a finding that Plaintiff has adequately pled them for purposes of the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff must respond to Defendants' arguments and explain why the claims he has pled are sufficiently viable that the Court should allow them to proceed. Plaintiff is hereby cautioned that failure to comply with this Order could result in a recommendation that the District Judge grant the motions to dismiss and deny the motion to amend for failure to comply with a lawful order of the Court and/or for failure to prosecute this case.

Finally, Plaintiff's motion to expedite status conference (ECF No. 73) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 10, 2020                               /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge