UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CLAY,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                     Case No. 1:20-cv-399

GEORGE HAGA et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a complaint against a number of Defendants, including Ada Township officials, Adacroft Home Owners' Association officials and board members, several Kent County Sheriff's Office deputies, and several Adacroft residents. Plaintiff's claims pertain to a dispute with his neighbors and the Home Owners' Association over Plaintiff's operation of a business from, or storage of business equipment at, his home in the Adacroft neighborhood.

Defendant Mabin, the Township Defendants, the Adacroft Defendants, and the County Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF Nos. 4, 10, 15 and 21.) Plaintiff did not respond to the motions. Instead, Plaintiff filed a motion to amend and a proposed amended complaint. (ECF No. 58-1.) Defendants responded, arguing that the amendment is futile and, therefore, should be denied.

On November 10, 2010, the Court entered an Order directing Plaintiff to respond within 14 days explaining why the Court should not deny the motion for leave to amend as futile for the reasons Defendants stated in their motions to dismiss and their responses to Plaintiff's motion to

amend. The Court explained that, while it is required to construe Plaintiff's pleading liberally because Plaintiff is proceeding pro se, it is not required to ignore basic pleading requirements or to construct claims on Plaintiff's behalf. (ECF No. 81 at PageID.407–08.) Although the Court identified some potential claims, it advised Plaintiff that the Court's attempt to interpret his complaint was not a finding that those claims were adequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*Id.* at PageID.409.) Finally, the Court cautioned Plaintiff that failure to comply with the November 10, 2020 Order could result in a recommendation that the Court grant the motions to dismiss and deny the motion to amend for failure to comply with a lawful order of the Court and/or for failure to prosecute this case. (*Id.*)

On November 25, 2020—one day after the 14-day period had expired—Plaintiff filed a motion for a 10-day extension of time to respond to the November 10, 2020 Order. The Court granted the motion on November 30, 2020. (ECF No. 84.) Thus, Plaintiff was required to respond by December 4, 2020. Plaintiff failed to respond with the prescribed time.

Plaintiff did not respond to Defendants' motions to dismiss. His failure to respond can thus be construed as a waiver of opposition to the motions. S*ee Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (recognizing that the plaintiff had forfeited a claim by failing to respond to or refute arguments made by the defendants in the district court); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss) (citing *Scott v. Tennessee*, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (unpublished table decision) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff

2

fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

This Court's local rules reflect this caselaw, requiring that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." *See* W.D. Mich. LCivR 7.2(c); *Woods v. Demmer Corp.*, No. 1:09-cv-625, 2010 WL 5147364 at *3 (W.D. Mich. Nov. 18, 2010), *report and recommendation adopted*, 2010 WL 5146569 (W.D. Mich. Dec. 13, 2010) (noting that the local court rules require a party to file a responsive brief if the party opposes the motion and that the district court may deem the plaintiff to have waived opposition to a motion to dismiss if the plaintiff fails to respond or otherwise oppose it).

In addition, Plaintiff has failed to comply with the Court's Order. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, district courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Sixth Circuit has noted, however, that

dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978)).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir. 1991). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

In this case, each of the factors weighs in favor of dismissal. Not only has Plaintiff failed to respond to Defendants' motions to dismiss; he has also failed to respond to the Court's order for a response. Plaintiff's failures to respond have prejudiced Defendants' ability to defend the case and to seek timely rulings. In addition, Plaintiff was warned that his failure to respond could result in a recommendation that the case be dismissed with prejudice for failure to prosecute. Finally, there are no other less drastic sanctions available or appropriate other than dismissal of Plaintiff's complaint.

Accordingly, I recommend that the Court grant Defendants' motions to dismiss based on Plaintiff's failure to respond and/or dismiss the case pursuant to Rule 41(b) for lack of prosecution based on Plaintiff's failure to comply with the November 10, 2020 Order.

Dated: December 23, 2020          /s/ Sally J. Berens          
                                                                       SALLY J. BERENS  
                                                                       U.S. Magistrate Judge

## **NOTICE TO PARTIES**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).