UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CLAY,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                                          Case No. 1:20-cv-399

GEORGE HAGA et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 15, 2021, the Court entered an Order (ECF No. 86) adopting the December 23, 2020 Report and Recommendation (ECF No. 85) recommending that the Court grant the pending motions to dismiss based on Plaintiff's failure to respond or, alternatively, dismiss them for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Because the Court granted the motions to dismiss but did not dismiss the entire case for failure to prosecute, certain matters remain outstanding. First, Defendant Susan Elwell, who did not file a motion to dismiss, remains as the only served Defendant in the case. Second, Plaintiff sued Jane Doe and John Doe, but has not identified those parties or taken any other action to serve them. Finally, Defendant Elwell filed a counterclaim against Plaintiff for abuse of process. A default was entered on the counterclaim on July 20, 2020. (ECF No. 55.) As of this time, Defendant Elwell has not moved for entry of a default judgment. I make the following recommendations regarding disposition of these issues.

1. **Defendant Elwell.** I recommend that the Court dismiss Plaintiff's claims against Defendant Elwell for failure to prosecute pursuant to Rule 41(b). As set forth in the December 23, 2020 Report and Recommendation, Plaintiff was directed to respond to the November 10, 2020

Order regarding identification of his claims and was warned that a failure to comply with that order could result in a recommendation that the motions to dismiss be granted and the motion to amend be denied for failure to comply with a lawful order and/or for failure to prosecute the case. Plaintiff was afforded an opportunity to clarify his claims and the nature of his proposed amended pleading, which dropped certain claims and Defendants, including Defendant Elwell. Plaintiff failed to respond to the November 10, 2020 Order as directed. As set forth in the December 23, 2020 Report and Recommendation, the factors that a court should consider in determining whether to dismiss a case under Rule 41(b) all weigh in favor of dismissal. In fact, by his lack of prosecution, Plaintiff has demonstrated an intent to abandon the case. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (citing *Washington v. Walker*. 734 F.2d 1237, 1240 (7th Cir. 1984)) (dismissal was justified by the plaintiff's "apparent abandonment of th[e] case" notwithstanding the plaintiff's pro se status)). Accordingly, I recommend that Plaintiff's remaining claims against Defendant Elwell be dismissed for lack of prosecution.

    2. **John and Jane Doe Defendants**. As noted, Plaintiff has failed to identify and serve John and Jane Doe. In light of this failure and for the reasons set forth in the December 23, 2020 Report and Recommendation, I recommend that John and Jane Doe be dismissed for failure to prosecute. *See Miller v. Michigan Dep't of Corrs. Health Care Providers*, 986 F. Supp. 1078, 1079 n.1 (W.D. Mich. 1997) (dismissing unserved defendant for lack of prosecution). Alternatively, this Report and Recommendation shall serve as notice to Plaintiff of the Court's intent to dismiss John and Jane Doe pursuant to Federal Rule of Civil Procedure 4(m) unless, within the time for filing objections to this Report and Recommendation, Plaintiff shows good cause, including providing supporting evidence, for his failure to identify and serve John and Jane Doe.

3. **Elwell Counterclaim**. As noted, Defendant Elwell has not moved for entry of a default judgment on her counterclaim. For the following reasons, I recommend that the Court exercise its discretion not to enter a default judgment and dismiss Defendant Elwell's counterclaim with prejudice.

Pursuant to Federal Rule of Civil Procedure 55, a party must follow a two-step process to obtain a default judgment. First, pursuant to Rule 55(a), the party seeking a default judgment must obtain entry of a default by the clerk of the court. Second, pursuant to Rule 55(b), the moving party may seek entry of a judgment on the default under either subdivision (b)(1) or (b)(2). Because Defendant Elwell's counterclaim is not for a "sum certain," she would be required to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Even when a default has been entered, a plaintiff has no absolute right to a default judgment. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013). This is because "the decision to grant a default judgment is within the Court's discretion." *Id.* (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)); *see also Lee v. Foxpointe Condominium Ass'n*, No. 14-11216, 2016 WL 424941, at *1 (E.D. Mich. Feb. 4, 2016) ("[T]he Court has broad discretion in determining the circumstances under which a default judgment should enter." (citing *In re The Home Rests., Inc.*, 285 F.3d 111, 114–15 (1st Cir. 2002)). In exercising its discretion, a court may consider, among other factors, whether the plaintiff's allegations state a claim. *Sinclair v. United States*, No. 5:06-CV-179, 2007 WL 9777950, at *1 (W.D. Mich. Mar. 2, 2007); *see also Carl's Jr. Rests. LLC v. Margaret Karcher LeVecke Enters., LLC*, No. 3:18-cv-1357, 2020 WL 836549, at *2 (M.D. Tenn. Feb. 20, 2020) (although the defaulting party is deemed to have admitted all of the complaint's well-pleaded factual allegations concerning liability, "the court must still determine whether those facts are sufficient to state a claim for relief with respect to each of the plaintiff's

3

theories of liability" (citing *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016))).

In order to state a claim for abuse of process under Michigan law, a plaintiff must allege "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30 (1981) (citing *Spear v. Pendill*, 164 Mich. 620, 623 (1911)). The tort of abuse of process concerns "the misuse of process . . . for any purpose other than that which it was designed to accomplish." *Moore v. Michigan Nat'l Bank*, 368 Mich. 71, 75 (1962) (quoting 3 Restatement Torts, § 682).

It is well-settled that an action for abuse of process lies for "the improper use of process after it has been issued, not for maliciously causing it to issue." *Friedman*, 412 Mich. at 30 (quoting *Spear*, 164 Mich. at 623). "A claim asserting nothing more than an improper motive in properly obtaining process does not successfully plead an abuse of process." *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 322 (2010) (citing *Young v. Motor City Apts. Ltd. Dividend Hous. Ass'n No. 1 & No. 2*, 133 Mich. App. 671, 681 (1984)). The filing of a frivolous lawsuit is not enough. *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 629 (1989). In addition, "the ulterior purpose alleged must be more than harassment, defamation, exposure to excessive litigation costs, or even coercion to discontinue business." *Id.* at 629–30 (citing *Young*, 133 Mich. App. at 682–33). Thus, in order to sustain a claim for abuse of process, a plaintiff "must allege a use of process outside of the intended purpose and must allege with specificity an act which itself corroborates the ulterior motive." *Young*, 133 Mich. App. at 681.

Elwell alleges that Plaintiff filed an action in the Michigan 63rd District Court alleging that Elwell had defamed him by filing a false police report against him. Elwell further alleges that Plaintiff's action was frivolous because it was barred by the one-year statute of limitations, was

4

improperly filed in the small claims division, and failed to state a claim. (ECF No. 8 at PageID.81–82.) Elwell further alleges that Plaintiff voluntarily dismissed his action before the time for filing an answer expired. (*Id.* at PageID.82.) Elwell asserts that Plaintiff "has previously, and is now again, improperly using the judicial process for ulterior purposes," including "to harass [Elwell] and intimidate her in the exercise of her rights to seek protection and actions from law enforcement agencies regarding the conduct and activities of [Plaintiff]." (*Id.*)

Elwell fails to state a valid claim for abuse of process because she alleges nothing more than the filing of a lawsuit with an improper motive. Elwell does not allege that Plaintiff used the state-court action for an improper purpose once he filed it. Rather, she alleges no more than that Plaintiff filed his state-court action to harass and intimidate her which, as set forth above, does not suffice for an abuse of process claim. Moreover, Elwell's conclusory assertion that Plaintiff is using the judicial process for ulterior and improper purposes falls far short of alleging "with specificity an act which itself corroborates the ulterior motive." *Young*, 133 Mich. App. at 681.

Accordingly, the Court should decline to enter a default judgment on Elwell's counterclaim and dismiss it with prejudice.

In sum, I recommend that the Court take the foregoing actions and **dismiss this action with prejudice**.


Dated: January 29, 2021                                             /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge


## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).